

**U.S. Department of Justice**

*United States Attorney*
*District of Connecticut*

United States District Court
District of Connecticut
FILED AT NEW HAVEN
Roberta D... 12-4 20 19
United States Attorney, Clerk
By
District of Connecticut
Deputy Clerk

*Connecticut Financial Center*  (203)821-3700
*157 Church Street, 25th Floor*  *Fax* (203) 773-5376
*New Haven, Connecticut 06510*  *www.justice.gov/usao/ct*

December 4, 2019

Ashley Meskill
Office of the Federal Defender for the District of Connecticut
10 Columbus Blvd, 6th Floor
Hartford, CT 06106

    Re:    *United States v. Tony Tuan Pham*
            Case No. 3:19cr14(JAM)

Dear Attorney Meskill:

    This letter confirms the plea agreement between your client, Tony Tuan Pham (the "defendant"), and the United States Attorney's Office for the District of Connecticut (the "Government") in this criminal matter.

## THE PLEA AND OFFENSE

    In consideration for the benefits offered under this agreement, the defendant agrees to plead guilty to Count One of the indictment, charging a conspiracy in violation of 18 U.S.C. § 371, and Count Nine of the indictment, charging wire fraud in violation of 18 U.S.C. § 1343.

### Conspiracy

    The defendant understands that, to be guilty of conspiracy in violation of 18 U.S.C. § 371, the following essential elements must be satisfied:

1. An unlawful agreement existed between two or more people to commit wire fraud and make false statements to the Federal Bureau of Prisons;

2. The defendant knowingly and intentionally entered into that conspiracy;

*United States v. Tony Tuan Pham*
*Plea Agreement*
*Page 2*

3. One of the members of the conspiracy knowingly committed at least one of the overt acts charged in the indictment; and

4. The overt act was committed to further an objective of the conspiracy.

<u>Wire Fraud</u>

The defendant understands that, to be guilty of wire fraud in violation of 18 U.S.C. § 1343, the following essential elements must be satisfied:

1. There was a scheme or artifice to defraud or to obtain money and property by materially false and fraudulent pretenses, representations, or promises;

2. The defendant knowingly participated in the scheme or artifice to defraud, with knowledge of its fraudulent nature and with specific intent to defraud; and

3. In execution of that scheme, the defendant used or caused the use of interstate wires.

**THE PENALTIES**

<u>Conspiracy</u>

The offense of conspiracy carries a maximum penalty of 5 years of imprisonment and a $250,000 fine. In addition, under 18 U.S.C. § 3583, the Court may impose a term of supervised release of not more than 3 years to begin at the expiration of any term of imprisonment. The defendant understands that, should he violate any condition of the supervised release, he may be required to serve a further term of imprisonment of up to 2 years with no credit for time already spent on supervised release.

<u>Wire Fraud</u>

The offense of wire fraud carries a maximum penalty of 20 years of imprisonment and a $250,000 fine. In addition, under 18 U.S.C. § 3583, the Court may impose a term of supervised release of not more than 3 years to begin at the expiration of any term of imprisonment. The defendant understands that, should he violate any condition of the supervised release, he may be required to serve a further term of imprisonment of up to 2 years with no credit for time already spent on supervised release.

\*      \*      \*

*United States v. Tony Tuan Pham*
*Plea Agreement*
*Page 3*

For each of the above offenses, in addition to the penalties described above, the defendant also is subject to the alternative fine provision of 18 U.S.C. § 3571. Under this section, the maximum fine that may be imposed on the defendant is the greatest of the following amounts: (1) twice the gross gain to the defendant resulting from the offense; (2) twice the gross loss resulting from the offense; or (3) $250,000.

### Special Assessment

In addition, the defendant is obligated by 18 U.S.C. § 3013 to pay a special assessment of $100 on each count of conviction, for a total of $200. The defendant agrees to pay the $200 special assessment to the Clerk of the Court on the day the guilty plea is accepted.

### Restitution

In addition to the other penalties provided by law, the Court must also order that the defendant make restitution under 18 U.S.C. § 3663A, and the Government reserves its right to seek restitution on behalf of victims consistent with the provisions of § 3663A. The scope and effect of the order of restitution are set forth in the attached Rider Concerning Restitution. Restitution is payable immediately unless otherwise ordered by the Court. In any case in which the United States is a victim, the district court will ensure that all other victims receive full restitution before the United States receives any restitution. 18 U.S.C. § 3664(i).

The defendant further understands and agrees to make the Court-ordered restitution and that, pursuant to 18 U.S.C. § 3663A, restitution is payable to all victims of his criminal conduct and not merely for those victims included in or referenced in the counts of the indictment to which he agrees to plead guilty.

### Interest, penalties and fines

Unless otherwise ordered, should the Court impose a fine or restitution of more than $2,500 as part of the sentence, interest will be charged on the unpaid balance of the fine or restitution not paid within 15 days after the judgment date. 18 U.S.C. § 3612(f). Other penalties and fines may be assessed on the unpaid balance of a fine or restitution pursuant to 18 U.S.C. § 3572(h), (*i*) and § 3612(g). Mr. Pham reserves his right to ask the Court to waive interest and penalties consistent with the statute.

*United States v. Tony Tuan Pham*
*Plea Agreement*
*Page 4*

## THE SENTENCING GUIDELINES

Applicability

The defendant understands that the Court is required to consider any applicable Sentencing Guidelines as well as other factors enumerated in 18 U.S.C. § 3553(a) to tailor an appropriate sentence in this case and is not bound by this plea agreement. The defendant agrees that the Sentencing Guideline determinations will be made by the Court, by a preponderance of the evidence, based upon input from the defendant, the Government, and the United States Probation Office. The defendant further understands that he has no right to withdraw his guilty plea if his sentence or the Guideline application is other than he anticipated, including if the sentence is outside any of the ranges set forth in this agreement.

Acceptance of Responsibility

At this time, the Government agrees to recommend that the Court reduce by two levels the defendant's adjusted offense level under § 3E1.1(a) of the Sentencing Guidelines, based on the defendant's prompt recognition and affirmative acceptance of personal responsibility for the offense. Moreover, should the defendant qualify for a decrease under § 3E1.1(a) and his offense level determined prior to the operation of subsection (a) is level 16 or greater, the Government will file a motion with the Court pursuant to § 3E1.1(b) which recommends that the Court reduce the defendant's Adjusted Offense Level by one additional level based on his prompt notification of his intention to enter a plea of guilty. The defendant understands that the Court is not obligated to accept the Government's recommendations on the reductions.

The above-listed recommendations are conditioned upon the defendant's affirmative demonstration of acceptance of responsibility, by (1) truthfully admitting the conduct comprising the offense(s) of conviction and truthfully admitting or not falsely denying any additional relevant conduct for which the defendant is accountable under § 1B1.3 of the Sentencing Guidelines, and (2) disclosing to the United States Attorney's Office and the United States Probation Office a complete and truthful financial statement detailing the defendant's financial condition. The defendant expressly authorizes the United States Attorney's Office to obtain a credit report concerning the defendant.

In addition, the Government expressly reserves the right to seek denial of the adjustment for acceptance of responsibility if the defendant engages in any acts, unknown to the Government at the time of the signing of this agreement, which (1) indicate that the defendant has not terminated or withdrawn from criminal conduct or associations (§ 3E1.1 of the Sentencing Guidelines); (2) could provide a basis for an adjustment for obstructing or impeding the administration of justice

*United States v. Tony Tuan Pham*
*Plea Agreement*
*Page 5*

(§ 3C1.1 of the Sentencing Guidelines); or (3) constitute a violation of any condition of release. Moreover, the Government reserves the right to seek denial of the adjustment for acceptance of responsibility if the defendant seeks to withdraw his guilty plea or takes a position at sentencing, or otherwise, which, in the Government's assessment, is inconsistent with affirmative acceptance of personal responsibility. The defendant understands that he may not withdraw his plea of guilty if, for the reasons explained above, the Government does not make one or both of the recommendations or seeks denial of the adjustment for acceptance of responsibility.

Stipulation

Pursuant to § 6B1.4 of the Sentencing Guidelines, the defendant and the Government have entered into the attached stipulation, which is a part of this plea agreement. The defendant understands that this stipulation does not set forth all of the relevant conduct and characteristics that may be considered by the Court for purposes of sentencing. The defendant understands that this stipulation is not binding on the Court. The defendant also understands that the Government and the United States Probation Office are obligated to advise the Court of any additional relevant facts that subsequently come to their attention.

Guideline Stipulation

The parties agree as follows:

The Guidelines Manual in effect on the date of sentencing is used to determine the applicable Guidelines range.

The defendant's two counts of conviction are grouped under U.S.S.G. § 3D1.2. The defendant's base offense level under U.S.S.G. § 2X1.1(a) and § 2B1.1(a)(1) is 7.

That level is increased by 16 under U.S.S.G. § 2X1.1(a) and U.S.S.G. § 2B1.1(b)(1)(I) because there is a loss but it reasonably cannot be determined and the total amount of gain attributable to the defendant's offense is between $1.5 million and $3.5 million.

That level is further increased by 2 levels under U.S.S.G. § 2X1.1(a) and U.S.S.G. § 2B1.1(b)(10)(C) because the defendant's offense involved sophisticated means and the defendant intentionally engaged in or caused such conduct.

That level is further increased by 4 levels under § 3B1.1(a) because the defendant was the organizer or leader of a criminal activity that involved five or more participants.

*United States v. Tony Tuan Pham*
*Plea Agreement*
*Page 6*

Three levels are subtracted under U.S.S.G. § 3E1.1 for acceptance of responsibility, as noted above, resulting in a total offense level of 26.

Based on an initial assessment, the parties agree that the defendant falls within Criminal History Category III. The parties reserve the right to recalculate the defendant's Criminal History Category and corresponding sentencing ranges if this initial assessment proves inaccurate.

A total offense level of 26, assuming a Criminal History Category III, would result in a range of 78 to 97 months of imprisonment (sentencing table) and a fine range of $25,000 to $250,000 (U.S.S.G. § 5E1.2(c)(3)). The defendant is also subject to a supervised release term of one year to three years. U.S.S.G. § 5D1.2.

The Government and the defendant reserve their rights to seek a departure or a non-Guidelines sentence, and both sides reserve their right to object to a departure or a non-Guidelines sentence.

The defendant understands that the Court is not bound by this agreement on the Guideline ranges specified above. The defendant further understands that he will not be permitted to withdraw the guilty plea if the Court imposes a sentence outside any of the ranges set forth in this agreement.

In the event the United States Probation Office or the Court contemplates any sentencing calculations different from those stipulated by the parties, the parties reserve the right to respond to any inquiries and make appropriate legal arguments regarding the proposed alternate calculations. Moreover, the parties reserve the right to defend any sentencing determination, even if it differs from that stipulated by the parties, in any post-sentencing proceeding.

### Information to the Court

The Government reserves its right to address the Court with respect to an appropriate sentence to be imposed in this case. Moreover, the Government will discuss the facts of this case, including information regarding the defendant's background and character, 18 U.S.C. § 3661, with the United States Probation Office and will provide the Probation Officer with access to material in its file, with the exception of grand jury material.

## WAIVER OF RIGHTS

The defendant acknowledges and agrees that he is knowingly, intelligently, and voluntarily waiving the following rights:

*United States v. Tony Tuan Pham*
*Plea Agreement*
*Page 7*

### Waiver of Trial Rights and Consequences of Guilty Plea

The defendant understands that he has the right to be represented by an attorney at every stage of the proceeding and, if necessary, one will be appointed to represent him.

The defendant understands that he has the right to plead not guilty or to persist in that plea if it has already been made, the right to a public trial, the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against him, the right not to be compelled to incriminate himself, the right to testify and present evidence, and the right to compel the attendance of witnesses to testify in his defense. The defendant understands that by pleading guilty he waives those rights and that, if the plea of guilty is accepted by the Court, there will not be a further trial of any kind.

The defendant understands that, if he pleads guilty, the Court may ask his questions about each offense to which he pleads guilty, and if he answers those questions falsely under oath, on the record, and in the presence of counsel, his answers may later be used against his in a prosecution for perjury or making false statements.

### Waiver of Statute of Limitations

The defendant agrees that, should the conviction following defendant's guilty plea be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this plea agreement (including any indictment or counts the Government has agreed to dismiss at sentencing pursuant to this plea agreement) may be commenced or reinstated against the defendant, notwithstanding the expiration of the statute of limitations between the signing of this plea agreement and the commencement or reinstatement of such prosecution. The defendant agrees to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date the plea agreement is signed.

### Waiver of Right to Challenge Conviction

The defendant acknowledges that under certain circumstances he is entitled to challenge his conviction. By pleading guilty, the defendant waives his right to appeal or collaterally attack his conviction in any proceeding, including but not limited to a motion under 28 U.S.C. § 2255 and/or § 2241. In addition to any other claims he might raise, the defendant waives his right to challenge his conviction based on (1) any non-jurisdictional defects in the proceedings before entry of this plea, (2) a claim that the statute(s) to which the defendant is pleading guilty is

*United States v. Tony Tuan Pham*
*Plea Agreement*
*Page 8*

unconstitutional, and (3) a claim that the admitted conduct does not fall within the scope of the statute. This waiver does not preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum.

### Waiver of Right to Appeal or Collaterally Attack Sentence

The defendant acknowledges that under certain circumstances, he is entitled to challenge his sentence. In consideration for the benefits offered under this agreement, the defendant agrees not to appeal or collaterally attack the sentence in any proceeding, including but not limited to a motion under 28 U.S.C. § 2255 and/or § 2241 if that sentence does not exceed 97 months of imprisonment, a three-year term of supervised release, a $200 special assessment, a fine of $250,000, and restitution in any amount determined by the Court pursuant to 18 U.S.C. §§ 3663A and 3664, even if the Court imposes such a sentence based on an analysis different from that specified above. The Government and the defendant agree that this waiver applies regardless of whether the term of imprisonment is imposed to run consecutively to or concurrently with, in whole or in part, the undischarged portion of any other sentence that has been imposed on the defendant at the time of sentencing in this case. Furthermore, the parties agree that any challenge to the defendant's sentence that is not foreclosed by this provision will be limited to that portion of the sentencing calculation that is inconsistent with (or not addressed by) this waiver. This waiver does not preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum.

### **ACKNOWLEDGMENT OF GUILT AND VOLUNTARINESS OF PLEA**

The defendant acknowledges that he is entering into this agreement and is pleading guilty freely and voluntarily because he is guilty. The defendant further acknowledges that he is entering into this agreement without reliance upon any discussions between the Government and his (other than those described in the plea agreement letter), without promise of benefit of any kind (other than the concessions contained in the plea agreement letter), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges his understanding of the nature of the offense to which he is pleading guilty, including the penalties provided by law. The defendant also acknowledges his complete satisfaction with the representation and advice received from his undersigned attorney. The defendant and his undersigned counsel are unaware of any conflict of interest concerning counsel's representation of the defendant in the case.

The defendant acknowledges that he is not a "prevailing party" within the meaning of Public Law 105-119, section 617 ("the Hyde Amendment") with respect to the count of conviction or any other count or charge that may be dismissed pursuant to this agreement. The defendant voluntarily, knowingly, and intelligently waives

*United States v. Tony Tuan Pham*
*Plea Agreement*
*Page 9*

any rights he may have to seek attorney's fees and other litigation expenses under the Hyde Amendment.

## SCOPE OF THE AGREEMENT

The defendant acknowledges that this agreement is limited to the undersigned parties and cannot bind any other federal authority, or any state or local authority. The defendant acknowledges that no representations have been made to his with respect to any civil or administrative consequences that may result from this plea of guilty because such matters are solely within the province and discretion of the specific administrative or governmental entity involved. Finally, the defendant acknowledges that this agreement has been reached without regard to any civil tax matters that may be pending or which may arise involving him.

## COLLATERAL CONSEQUENCES

The defendant understands that he will be adjudicated guilty of each offense to which he has pleaded guilty and will be deprived of certain rights, such as the right to hold public office, to serve on a jury, to possess firearms and ammunition, and in some states, the right to vote. Further, the defendant understands that if he is not a citizen of the United States, a plea of guilty may result in removal from the United States, denial of citizenship, and denial of admission to the United States in the future. The defendant understands that pursuant to section 203(b) of the Justice For All Act, the Federal Bureau of Prisons or the United States Probation Office will collect a DNA sample from the defendant for analysis and indexing. Finally, the defendant understands that the Government reserves the right to notify any state or federal agency by which he is licensed, or with which he does business, as well as any current or future employer of the fact of his conviction.

## SATISFACTION OF FEDERAL CRIMINAL LIABILITY; BREACH

The defendant's guilty plea, if accepted by the Court, will satisfy the federal criminal liability of the defendant in the District of Connecticut as a result of his participation in the conduct which forms the basis of the indictment in this case. After sentencing, the Government will move to dismiss Counts Two through Eight of the indictment because the conduct underlying the dismissed counts will have been taken into account in determining the appropriate sentence.

The defendant understands that if, before sentencing, he violates any term or condition of this agreement, engages in any criminal activity, or fails to appear for sentencing, the Government may void all or part of this agreement. If the agreement is voided in whole or in part, the defendant will not be permitted to withdraw his guilty plea.

## NO OTHER PROMISES

The defendant acknowledges that no other promises, agreements, or conditions have been entered into other than those set forth in this plea agreement, and none will be entered into unless set forth in writing, signed by all the parties.

This letter shall be presented to the Court, in open court, and filed in this case.

Very truly yours,

JOHN H. DURHAM
UNITED STATES ATTORNEY

_____
JONATHAN N. FRANCIS
ASSISTANT U.S. ATTORNEY

The defendant certifies that he has read this plea agreement letter and its attachment(s) or has had it read or translated to him, that he has had ample time to discuss this agreement and its attachment(s) with counsel and that he fully understands and accepts its terms.

_____   12/4/19
TONY PHAM                          Date
The Defendant

I have thoroughly read, reviewed and explained this plea agreement and its attachment(s) to my client who advises me that he understands and accepts its terms.

_____   12/4/19
ASHLEY MESKILL                     Date
Attorney for the Defendant

*United States v. Tony Tuan Pham*
*Plea Agreement*
*Page 11*

## STIPULATION OF OFFENSE CONDUCT AND RELEVANT CONDUCT

The defendant Tony Tuan Pham and the Government stipulate to the following offense conduct and relevant conduct that give rise to the defendant's agreement to plead guilty to Counts One and Nine of the indictment:

From approximately September 2012 through the end of January 2019, the defendant was a "Managing Partner" of RDAP Law Consultants, LLC (the "Company"). The Company's employees, which included the defendant's co-conspirators, worked at the defendant's direction and under his supervision. In connection with the conspiracy and scheme to defraud, the defendant operated under the alias "Anh Nguyen."

Company employees contacted federal criminal defendants and inmates through unsolicited emails and telephone calls with offers to assist, for a fee, those defendants and inmates in applying and qualifying for admission to the Residential Drug Abuse Program ("RDAP") administered by the Federal Bureau of Prisons ("BOP"). By successfully completing the RDAP, an inmate could qualify for up to 12 months' early release from custody. Indeed, the defendant advertised the Company as "The Sentence Reduction Experts."

At all times, the defendant knew and understood that, in order to gain admission to the RDAP, an inmate had to meet certain criteria, including having a diagnosable and verifiable drug or alcohol abuse disorder. The defendant also knew and understood that many of the Company's clients did not have any such disorder and, thus, were ineligible for the RDAP. Because the Company was only paid if its clients were admitted into the RDAP, it was the business of the Company to coach federal defendants and inmates on how to feign or exaggerate a drug or alcohol disorder, and otherwise deceive and make false statements to the BOP, for the purpose of fraudulently gaining admission to the RDAP. In the course of the conspiracy and scheme to defraud, the defendant and his co-conspirators coached hundreds of clients to deceive and mislead BOP. From September 2012 through January 2019, the Company earned at least $2,628,137.92 in client fees through the defendant's scheme. To conceal the extent and success of that scheme, the defendant transacted Company business using nominee accounts and affiliated corporate entities.

As a result of the actions of the defendant and his co-conspirators, the BOP expended money unnecessarily on screening and providing substance abuse treatment services to inmates who did not require such services.

The defendant was living in a residential reentry center (or a halfway house) when his current offense began.

*United States v. Tony Tuan Pham*
*Plea Agreement*
*Page 12*

    This written stipulation is part of the plea agreement. The defendant and the Government reserve their right to present additional offense conduct and relevant conduct to the Court in connection with sentencing.

_____
TONY PHAM
The Defendant

_____
JONATHAN N. FRANCIS
ASSISTANT U.S. ATTORNEY

_____
ASHLEY MESKILL
Attorney for the Defendant

*United States v. Tony Tuan Pham*
*Plea Agreement*
*Page 13*

## RIDER CONCERNING RESTITUTION

The Court shall order that the defendant make restitution under 18 U.S.C. § 3663A as follows:

1. If the offense resulted in damage to or loss or destruction of property of a victim of the offense:

    A. Return the property to the owner of the property or someone designated by the owner; or

    B. If return of the property is impossible, impracticable, or inadequate, pay an amount equal to:

    The greater of -
    (I) the value of the property on the date of the damage, loss, or destruction; or

    (II) the value of the property on the date of sentencing, less the value as of the date the property is returned.

2. In the case of an offense resulting in bodily injury to a victim –

    A. Pay an amount equal to the costs of necessary medical and related professional services and devices related to physical, psychiatric, and psychological care; including non-medical care and treatment rendered in accordance with a method of healing recognized by the law of the place of treatment;

    B. Pay an amount equal to the cost of necessary physical and occupational therapy and rehabilitation; and

    C. Reimburse the victim for income lost by such victim as a result of such offense;

3. In the case of an offense resulting in bodily injury that results in the death of the victim, pay an amount equal to the cost of necessary funeral and related services; and

4. In any case, reimburse the victim for lost income and necessary child care, transportation, and other expenses incurred during participation in the investigation or prosecution of the offense or attendance at proceedings related to the offense.

The order of restitution has the effect of a civil judgment against the defendant. In addition to the Court-ordered restitution, the Court may order that the conditions

of its order of restitution be made a condition of probation or supervised release. Failure to make restitution as ordered may result in a revocation of probation, 18 U.S.C. § 3565, or a modification of the conditions of supervised release, 18 U.S.C. § 3583(e). Failure to pay restitution may also result in the defendant being held in contempt, or the defendant's re-sentencing to any sentence which might originally have been imposed by the Court. *See* 18 U.S.C. §§ 3613A, 3614. The Court may also order that the defendant give notice to any victim(s) of his offense under 18 U.S.C. § 3555.